**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                                        CASE NO. 05-80763
    Plaintiff,                           HON. LAWRENCE P. ZATKOFF

v.

KEITH EARL EDGERSON,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 7, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion *in Limine* to Suppress Evidence. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion *in Limine* to Suppress Evidence is DENIED.

**II. BACKGROUND**

On August 23, 2005, Defendant Keith Edgerson was charged by Indictment on four counts: (1) Felon in Possession of a Firearm, (2) Possession of a Stolen Firearm, (3), Possession with Intent

to Distribute Marijuana, and (4) Possession of Firearm in Furtherance of a Drug Trafficking Crime. The charges stem from Defendant's April 14, 2005 arrest by the Detroit Police Department's Fugitive Apprehension Service Team (FAST).

On November 18, 2005, Defendant filed a Motion to Suppress Evidence, asserting that the April 14, 2005 arrest and seizure of evidence were accomplished in violation of the Fourth Amendment's Warrant Requirement. The Court conducted an evidentiary hearing on Defendant's Motion on January 5, 2006. In a January 12, 2006 Opinion, the Court denied Defendant's Motion to Suppress.

Following the expiration of the January 17, 2006 Final Plea Cut-off date, on February 7, 2006, the Court set a trial date of March 20, 2006 and a jury selection date of March 16, 2006. Defendant filed the present Motion *in Limine* to Suppress Evidence on March 3, 2006 and seeks to suppress a firearm seized in the April 14, 2005 arrest.

### III. ANALYSIS

On November 1, 2005, the Court extended the motion cut-off date until November 20, 2005. Defendant met this motion cut-off date when he timely filed his Motion to Suppress Evidence on November 18, 2005. In contrast, however, it is clear that Defendant's present Motion *in Limine* to Suppress Evidence, filed on March 3, 2006 and over three months after the November 20, 2005 motion cut-off date, was ***not*** timely filed.

Though styled as a Motion *in Limine*, Defendant's present Motion is really nothing more than another Motion to Suppress. By the present Motion, Defendant asserts that his *Miranda* rights were violated during the April 14, 2005 arrest when police officers asked him about the location of

his gun.  In response to the officers' question, Defendant informed the police officers where the gun was hidden.  Based on this alleged *Miranda* violation, Defendant asserts that the firearm which was recovered as a result of the search should be suppressed.

Because Defendant's present Motion to Suppress was not timely filed, however, the Court need not address the merits of Defendant's Motion.  Accordingly, Defendant's Motion to Suppress is denied as untimely.

### IV. CONCLUSION

For the above reason, the Court HEREBY DENIES Defendant's Motion *in Limine* to Suppress Evidence.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  March 7, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 7, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290